## JOHN PRICE *vs.* HENRY P. WEAVER.

A declaration on an agreement within the statute of frauds need not allege that the agreement is in writing.

ACTION OF CONTRACT. " And the plaintiff says that one William Field owed him the sum of sixteen dollars for services rendered and labor performed by the plaintiff for said Field, and that the plaintiff was about to sue said Field therefor, and that the defendant, in consideration that the plaintiff would forbear to sue the said Field, promised and agreed to pay the same to

the plaintiff, and the plaintiff did forbear to sue the said Field, and the defendant owes him the said sum."

The defendant demurred to the declaration, and assigned this cause of demurrer : " That the defendant's promise was void, as within the statute of frauds, it being to answer for the debt or default of another, and no agreement in writing or memorandum thereof was ever made or signed by the defendant, nor is any copy of any agreement set out by the plaintiff in his declaration." The court of common pleas overruled the demurrer, and the defendant appealed.

*A. Potter*, for the defendant. The promise of the defendant was to pay the debt of another, and, not being in writing, was void by the statute of frauds. Rev. Sts. *c.* 74, § 1. *Nelson* v. *Boynton*, 3 Met. 396. *Curtis* v. *Brown*, 5 Cush. 491. *Loomis* v. *Newhall*, 15 Pick. 166. *Stone* v. *Symmes*, 18 Pick. 467. A mere forbearance to sue, or the giving of further time to the debtor, is not such a new consideration as will take the promise out of the statute. *Allen* v. *Thompson*, 10 N. H. 32. *Hilton* v. *Dinsmore*, 21 Maine, 410. *Nelson* v. *Boynton*, 3 Met. 396. *Kirkham* v. *Marter*, 2 B. & Ald. 613. *Caperton* v. *Gray*, 4 Yerg. 563. Nor is it sufficient to prevent the operation of the statute, that the plaintiff has relinquished an advantage or given up a lien in consequence of the defendant's promise. *Fish* v. *Hutchinson*, 2 Wils. 94. *Jackson* v. *Rayner*, 12 Johns. 291. *Nelson* v *Boynton*, and *Curtis* v. *Brown*, above cited.

It appearing on the face of the papers that the promise is within the statute, it may be taken advantage of by demurrer. *Walker* v. *Locke*, 5 Cush. 90. *Tomlinson* v. *Gell*, 6 Ad. & El. 564. *Jones* v. *Ashburnham*, 4 East, 455. *Read* v. *Nash*, 1 Wils. 305.

No counsel appeared for the plaintiff.

METCALF, J. As this demurrer contains a traverse or denial of facts, it is wrong in form. But we do not overrule it for that reason. We treat it, as the counsel for the defendant treated it, namely, as a demurrer because the declaration, though it sets forth an agreement which is within the statute of frauds, does not allege that the agreement was in writing. This, however, is not a legal cause for demurrer. The statute of frauds has not

altered the rules of pleading, in law or equity. A declaration on a promise which, though oral only, was valid by the common law, may be declared on in the same manner, since the statute, as it might have been before. The writing is matter of proof, and not of allegation. 1 Saund. 276, *note* (2). Steph. Pl. (1st Amer. ed.) 376. Browne on St. of Frauds, § 505. And this rule of pleading is not changed by the practice act of 1852. We must therefore overrule the demurrer. If the defendant shall hereafter rightly answer and go to trial, he will prevail, unless the plaintiff shall prove that the agreement declared on was in writing, and was signed as the statute of frauds (Rev. Sts. *c.* 74, § 1) requires.  *Demurrer overruled.*